***********
The undersigned have reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes with minor modifications.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the Parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer/Employee relationship existed between the Parties on the date of injury on a full-time, permanent basis.
3. The date of alleged injury to Plaintiff/Employee is on or about June 21, 1999.
4. Plaintiff/Employee's average weekly wage is $377.31.
5. The medical reports may be accepted as substantive evidence in this case as to what the doctors would testify to under oath if they were present and examined at this hearing.
6. The Plaintiff/Employee is no longer employed by Defendant/Employer.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for the Defendant-Employer as a Traffic Control Officer in 1999. The Plaintiff worked with the Defendant-Employer from April 29, 1997 until July 7, 2000. Plaintiff voluntarily resigned her employment on June 22, 2000 and her last day of employment with Defendant-Employer was July 7, 2000.
2. Plaintiff alleges that on or about June 21, 1999, she sustained an injury by accident as a result of a toxic exposure at her place of employment. Plaintiff specifically alleges that her bacterial vaginitis, urinary tract infections and Fibromyalgia are all caused by alleged chemical exposure that occurred in the employee lounge at the Defendant-Employer.
3. Plaintiff could not identify the substance that allegedly caused her condition. An investigation performed by the Defendant-Employer failed to reveal a toxic substance in the ladies employee lounge. In addition, the cleaning supplies used by the cleaning staff were OSHA inspected, extremely safe, and hypoallergenic. The toilet paper used was also the same type and brand that was used throughout the airport.
4. Dr. Escajeda first evaluated Plaintiff in July 1999, for complaints of inflamed and swollen vaginal tissues. Plaintiff gave Dr. Escajeda a history of having exposure to some unknown toxic substance at work. Plaintiff was diagnosed with bacterial vaginitis and given steroids. Plaintiff's condition eventually improved as of February 2000. Plaintiff told Dr. Escajeda that she could not identify any particular substance that caused her problem. He believed her vaginal symptoms were caused by toxic exposure at work based solely on the history that Plaintiff provided to him. Dr. Escajeda had no scientific evidence upon which to base his opinion and as a result, his opinion that Plaintiff's initial symptoms resulted from a toxic exposure at work was a possibility rather than a probability. Plaintiff offered no expert testimony to support her allegations of toxic exposure.
5. Dr. Escajeda could not opine to a reasonable degree of medical certainty that Plaintiff's frequent urinary tract infections or Fibromyalgia resulted from her alleged toxic exposure at work.
6. Plaintiff continued to work with the Defendant-Employer after her alleged exposure until she voluntarily resigned in July 2000. No doctor ever advised her to stay out of work and no doctor advised her to stop working at the Defendant-Employer in July 2000. Plaintiff was not advised to remain out of work until April 30, 2002, after receiving her diagnosis of Fibromyalgia. Dr. Escajeda found that he could not relate Plaintiff's Fibromyalgia to her alleged toxic exposure at work.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain a compensable injury by accident while working for Defendant on or about June 21, 1999. N.C. Gen. Stat. § 97-2(6).
2. Even if Plaintiff proved a compensable injury was sustained, she has failed to prove that she experienced any disability as a result of said injury. N.C. Gen. Stat. § 97-29.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned entered the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own cost, except the Defendants shall pay an expert witness fee of $275.00 to Dr. Richard T. Escajeda if not already paid by a prior order.
This the ___ day of November, 2004
 S _____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER